**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4406**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAHBOU RUDOLPH DRAKES,

        Defendant - Appellant.

**No. 15-4407**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAHBOU RUDOLPH DRAKES,

        Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00062-JFA-1; 3:15-cr-00079-JFA-1)

Submitted: January 19, 2016      Decided: February 2, 2016

Before AGEE and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, James Hunter May, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jahbou Rudolph Drakes pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2012), and, in a separate criminal case, to violating certain terms of supervised release. The matters were consolidated for sentencing. Drakes was sentenced to 71 months for the firearm offense and 27 months, consecutive, for violating supervised release. Drakes appeals both sentences; the appeals have been consolidated.

I

Drakes first claims that the district court erred when calculating his Guidelines range for the firearm offense. Specifically, he contends that the court wrongly enhanced his offense level by two levels based on reckless endangerment, see U.S. Sentencing Guidelines Manual § 3C1.2 (2014). We evaluate Drakes' legal claim de novo and review relevant factual findings for clear error. United States v. Shell, 789 F.3d 335, 346 (4th Cir. 2015).

The record reveals that, on January 14, 2014, Drakes was involved in a car accident. Following the accident, Drakes threw a loaded firearm over a fence. Drakes was transported to a hospital. When officers went to the hospital to arrest Drakes, who was a prohibited person, they discovered that he had left the hospital against medical advice.

3

On April 16, 2014, officers went to Drakes' residence in response to a suspicious/wanted person call. Responding officers were advised of the existence of both state and federal warrants relating to Drakes' possession of the pistol in January. When officers confronted Drakes, he resisted arrest by pulling away when an officer attempted to put a handcuff on his right wrist. An officer pulled out a taser and ordered Drakes to put his hand behind his back. When Drakes complied, the officer holstered the taser, and Drakes pulled away again, this time reaching for the officer's handgun.

Drakes chiefly contends that his actions on April 14 were too remote in time from the underlying § 922(g) offense, which occurred in January, for the § 3C1.2 enhancement to be proper. Resolution of Drakes' claim requires us to read USSG § 3C1.2 together with USSG § 1B1.3, which provides in relevant part:

> [A]djustments in Chapter Three . . . shall be determined on the basis of . . . all acts and omissions committed . . . by the defendant . . . [t]hat occurred . . . in the course of attempting to avoid detection or responsibility for [the] offense.

USSG § 1B1.3(a)(1)(A). While we have not previously addressed the precise issue before us, the Eleventh Circuit has observed that "nothing in the Guidelines establishes that conduct ceases to be relevant after a specified period of time." United States v. Rivera-Gomez, 634 F.3d 507, 513 (9th Cir. 2010). We conclude that, given the plain language of the Guidelines, the

4

enhancement was correctly applied. Drakes resisted the officers' attempt to arrest him for possession of the firearm. It is immaterial that the arrest occurred some three months after he possessed that firearm.

II

The 27-month sentence for the release violation runs consecutively to the sentence for the firearm offense. Drakes contends that the court erred by imposing consecutive, rather than concurrent, sentences.

"A district court has broad discretion when imposing sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).

We find no merit to Drakes' claim. The relevant policy statement provides:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the offense that is the basis of the revocation of . . . supervised release.

USSG § 7B1.3(f) (p.s.).

Thus, in ordering that the supervised release sentence would run consecutively to the § 922(g) sentence, the district

5

court deferred to the policy statement. Such deference, while not required, was proper. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010); United States v. Moulden, 478 F.3d 652, 656-57 (2007). Further, in the face of such a clear policy statement, the court was not obligated to explain its decision to impose consecutive sentences. See, e.g., Rita v. United States, 551 U.S. 338, 356-57 (2007). ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

## III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED